### In re MEADOW GLEN HEALTH CENTER, INC., Debtor.

**Bankruptcy No. 94-10048.**

United States Bankruptcy Court,
D. Rhode Island.

Nov. 7, 1994.

Philip W. Noel, Charles McGovern, McGovern Noel & Benik, Providence, RI, for debtor.

Lawrence R. Katz, Gadsby & Hannah, Boston, MA, for Healthcare Partners.

George E. Babcock, Providence, RI, for David M. Ryan and Health Concepts, Inc.

Sheryl Serreze, Office of U.S. Trustee, Providence, RI.

### ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on August 3, 1994, on Healthcare Partners' Motion for an order compelling David M. Ryan and Health Concepts, Inc. to disgorge and restore funds allegedly improperly expended under a Cash Collateral Order dated March 28, 1994, and for sanctions and contempt.

Also before us for consideration is Health Concepts' application for compensation in the amount of $40,792 for services rendered in: (1) winding down the operation and closing the nursing home facility; (2) safely, humanely, and sensitively transferring the 100 patients to other facilities; and (3) producing the accounts receivable that allegedly are subject to Healthcare Partners' security interest.

Upon consideration of the pleadings, the arguments of counsel, the comments of the United States Trustee, and the various cash

collateral and other orders entered in this proceeding, we make the following rulings:

■ (1) The Cash Collateral Order entered on March 28, 1994, Docket No. 48, is confusing or at least unclear in light of the other cash collateral orders entered, and a plain reading of the document is neither possible nor dispositive of the issue before us. Therefore, we conclude that Health Concepts, Inc. and David M. Ryan did not willfully violate the March 28, 1994, Cash Collateral Order, and that their interpretation of said order was not unreasonable, in the circumstances;

■ (2) Ryan and Health Concepts did a competent job closing the facility and transferring the patients without complications;

(3) Through the efforts of Health Concepts and Ryan, the continued operation of the nursing home generated accounts receivable which Healthcare Partners now asserts are part of its collateral;

(4) The services rendered by Health Concepts up to and including March 4, 1994, the date the last patient was transferred, were necessary to the safe and orderly closing of the facility, and are properly reimbursable under the Cash Collateral Orders entered on February 10, 1994, February 24, 1994, and March 15, 1994;

(5) Under 11 U.S.C. § 506(c), Health Concepts is entitled to the reasonable and necessary costs and expenses of creating and preserving said accounts receivable.[1] *See In re International Club Enterprises, Inc.,* 105 B.R. 190, 193 (Bankr.D.R.I.1989);

Accordingly, for the foregoing reasons, Health Concepts' Application is ALLOWED in the amount of $30,906 and $5,987 in expenses. Because Health Concepts has already been compensated, no further payment is due it from the collateral allegedly securing Healthcare Partners' claim. Finally, Healthcare Partners' Motion For Sanctions and Contempt against Ryan and Health Concepts, is DENIED.

1. From the receivables generated, Health Concepts has collected $231,679, which Healthcare

Enter Judgment consistent with this opinion.

Partners claims is subject to its security interest.